**IN THE COURT OF APPEALS OF IOWA**

No. 23-0037
Filed March 8, 2023

**IN THE INTEREST OF C.T. and J.T.,**
**Minor Children,**

**R.T., Father,**
  Appellant.
_____

  Appeal from the Iowa District Court for Cerro Gordo County, Adam D. Sauer, District Associate Judge.

  A father appeals the termination of his parental rights to two children. **AFFIRMED.**

  Cameron M. Sprecher, Mason City, for appellant father.

  Brenna Bird, Attorney General, and Anagha Dixit, Assistant Attorney General, for appellee State.

  Jane Wright, Forest City, attorney and guardian ad litem for minor children.

  Considered by Vaitheswaran, P.J., and Greer and Chicchelly, JJ.

**GREER, Judge.**

R.T. appeals the termination of his parental rights to two children, C.T. and J.T., born in 2019 and 2020 respectively. The children were first removed from the home in November 2021 due to the parents' methamphetamine use around them. They were adjudicated children in need of assistance (CINA) in December. At first, the father made positive steps towards sobriety, including successfully completing inpatient treatment and providing a number of negative drug tests. But in January 2022, R.T. was incarcerated in county jail, and in August, he moved to a federal prison out of state. Before that move, the father had weekly supervised video-call visits with the children while in county jail; but because the prison did not allow him to make calls before 5:00 p.m., he was unable to coordinate contact once he was transferred. At the November termination hearing, he estimated his release date was at least six to nine months away.[1] Following the termination hearing, the juvenile court terminated R.T.'s parental rights to both children under Iowa Code section 232.116(1)(e) and (h) (2022).

The father argues the State failed to prove the grounds for termination and, alternatively, that he should have been granted a six-month extension toward reunification. He also argues the juvenile court should have avoided termination by employing a permissive exception to termination found in Iowa Code section 232.116(3)(c) because of the strength of the bond between he and the

---

[1] According to the Iowa Department of Health and Human Service's October 21, 2022 report to the court, the prison's website listed the father's release date in March of 2024. He was participating in residential drug abuse programming that could reduce his confinement to six months.

children. We review the termination of parental rights de novo. *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).

When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record. *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012). To terminate parental rights under Iowa Code section 232.116(1)(h),[2] the juvenile court must find, among other things, "[t]here is clear and convincing evidence that the child[ren] cannot be returned to the custody of the child[ren]'s parents as provided in section 232.102 at the present time." *See* Iowa Code §232.116(1)(h)(4).[3] "At the present time" means the time of the termination hearing. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). While we acknowledge the progress the father made in his sobriety prior to his incarceration, he is nonetheless unable to take custody of the children while in prison. And, as the juvenile court noted, he has yet to prove he can successfully manage his sobriety in the long-term. *See In re Z.B.*, No. 22-0857, 2022 WL 3906830, at *2 (Iowa Ct. App. Aug. 31, 2022) (terminating a father's parental rights under section 232.116(1)(h) in part because he was incarcerated with an unknown release date, so the children could not be returned to his custody at the time of the termination hearing).

---

[2] The State points out the father challenges Iowa Code section 232.116(1)(f) in his petition on appeal, which applied to children four years or older. We believe the father mistakenly cites to the wrong code section as the petition references a different father, and so we address his challenge as if he cited section 232.116(1)(h).
[3] The father does not challenge the three other prongs found in section 232.116(1)(h).

On appeal, the father argues he should have been given an additional six months, which a juvenile court can grant following a permanency hearing if it can "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child[ren] from the child[ren]'s home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b). But the father did not request an extension and, accordingly, the juvenile court made no ruling about an extension, so the father has not preserved the issue for appeal. *See A.B.*, 815 N.W.2d at 773 ("[T]he general rule that appellate arguments must first be raised in the trial court applies to CINA and termination of parental rights cases."). And, even if he had, there was no way the juvenile court could be assured the father would be released from prison and sufficiently stable to take custody of the children after the additional time. *See In re A.M.*, 843 N.W.2d 100, 109 (Iowa 2014) ("The legislature has established time frames to balance the need to provide parents with a reasonable opportunity to resume care of their children and the children's long term best interests. Children cannot be required to wait endlessly for the parents to be able to care for them.").

We turn next to the permissive exception[4] found in Iowa Code section 232.116(3)(c), which gives juvenile courts the opportunity to avoid

---

[4] The father makes conclusory statements that frame this as a best-interests argument, but his argument centers only on the statutory exception. We therefore limit our analysis to the statutory exception. *See* Iowa R. App. P. 6.1401—Form 5 (explaining that, as a parent challenging termination, "[g]eneral conclusions, such as the 'the trial court's ruling is not supported by law or facts' are not acceptable"); *see also In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000) ("A broad, all encompassing argument is insufficient to identify error in cases of de novo review.").

termination if "[t]here is clear and convincing evidence that the termination would be detrimental to the child[ren] at the time due to the closeness of the parent-child relationship." "The [parent] bears the burden to prove the permissive—not mandatory—factor applies to prevent termination." *In re A.H.*, 950 N.W.2d 27, 42 (Iowa 2020) (discussing section 232.116(3)(c)). And though we do not doubt that the father loves the children, at the time of termination hearing, he had not spoken with the children in months because of his federal prison sentence. On this record, the father has not shown that the bond between him and the children is so strong as to make termination detrimental. So, we will not apply the permissive exception.

Because the children could not be returned to the father at the time of the termination hearing, the father failed to preserve error as to a six-month extension, and the father did not prove the bond between he and the children is so strong as to make termination detrimental, we affirm.

**AFFIRMED.**